UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:23-cv-22264-RKA

RICHARD TUSO, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

LENNAR CORPORATION a Delaware
registered corporation,

    Defendant.
_____/

**DEFENDANT, LENNAR CORPORATION'S, MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS, AND INCORPORATED MEMORANDUM OF LAW**

Defendant, LENNAR CORPORATION ("Lennar"), by and through its undersigned counsel, pursuant to Rules 12(b)(4), 12(b)(6), and 12(f) of the Federal Rules of Civil Procedure, hereby moves to dismiss the claims asserted against it in the Class Action Complaint ("Complaint") [D.E. 1] filed by Plaintiff, RICHARD TUSO ("Plaintiff"), to strike the class allegations in the Complaint, and to strike paragraph 17 of the Complaint, and in support thereof states as follows:

**INTRODUCTION**

Plaintiff brings a putative class action to complain about two phone calls he received from a realtor at non-party Lennar Homes LLC ("Lennar Homes") in response to express written consent given to schedule visits to two different homes for sale. The consent included Plaintiff's full name, phone number, and email address, and requested specific times that Plaintiff wanted to tour the two different homes. Lennar Homes' action in calling Plaintiff to follow-up is fully compliant with the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227(c)(5) ("TCPA"). For the reasons

described in detail below, Lennar Homes, erroneously identified as Defendant Lennar Corporation, hereby moves to dismiss the Complaint for failure to state a claim because: (1) Plaintiff has filed suit against the wrong entity, (2) Plaintiff has failed to allege a cause of action as the calls were not solicitations; and (3) Plaintiff has failed to allege sufficient facts to demonstrate his phone number was a residential line.

In addition, the Court should also strike the class allegations because (1) Plaintiff lacks standing to represent the class he alleges; (2) Plaintiff's claims are not typical of the putative class; (3) individualized issues predominate over class allegations, thus, precluding class certification, and as well, (4) the class definition is overbroad. Further, the Court should strike paragraph 17 of the Complaint because it is irrelevant, immaterial, scandalous to the Complaint and prejudicial to Lennar.

## BACKGROUND

Lennar Corporation is a leading homebuilder providing homes for first-time, move-up, luxury, urban and active adult buyers. *See* Compl. ¶ 13 fn3. Lennar Corporation was founded in 1954 in Miami, Florida and currently builds in 19 states and more than 44 markets across the nation. *Id.* In California, where Plaintiff resides, the entity doing business is Lennar Homes of California, LLC ("Lennar").[1] *See* Lennar's Registration filed with Secretary of State of California

---

[1] Lennar Corporation requests that this court take judicial notice of Exhibit A. "[T]he Court may take judicial notice of information from the California Secretary of State's website." *Worldwide Distributors, Inc. v. Maven Med, Inc.*, 22-23635-CIV, 2023 WL 4303847, at *8 (S.D. Fla. June 15, 2023), *report and recommendation adopted*, 22-23635-CIV, 2023 WL 4295421 (S.D. Fla. June 30, 2023) (taking judicial notice of registration forms maintained on California Secretary of State's website); *see also Regions Bank v. NBV Loan Acquisition Member, LLC*, 21-23578-CIV, 2022 WL 17359786, at *3 (S.D. Fla. Dec. 1, 2022) (granting request to take judicial notice of registration forms maintained by Florida and Delaware's Secretaries of State); *In re British Am. Ins. Co. Ltd.*, 09-31881-EPK, 2014 WL 891651, at *7 (Bankr. S.D. Fla. Mar. 6, 2014) (granting motion for judicial notice of corporate records maintained by Secretary of State when considering motion to dismiss).

attached as Exhibit A. Lennar advertises its properties in a variety of manners including both on its own website and through third parties. Plaintiff asserts that on March 20, 2023, he received a call to his cell phone number (which number he does not disclose) from a Lennar employee soliciting the sale of a Lennar property. *Id.* at ¶ 22. He alleges he told Plaintiff he was not looking to purchase a property. *Id.* On April 25, 2023, Plaintiff alleges he received a second call from Lennar regarding selling a Lennar property. *Id.* at ¶ 24. Plaintiff then filed this lawsuit claiming he has "never done business with Lennar or consented to be contacted by them." *Id.* at ¶ 25. Plaintiff alleges that his number was on the Do-Not Call List ("DNC List"), thereby violating the TCPA. *Id.* at ¶ 39.

### A. Background: The Full and Fair Record Of The Phone Calls

Plaintiff expressly incorporates into his Complaint the two phone calls that he alleges he received from Lennar to tour the properties. *Id.* at ¶¶ 22, 24. Plaintiff expressly incorporates the phone calls, and relies upon their content, claiming that he is positioned exactly like all other prospective Lennar purchasers. As such, this Court can and should consider the full history of the referenced phone calls. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("The court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed."); *see also Kawa Orthodontics LLP v. Lab. Corp. of Am. Holdings,* 19-80521-CV, 2019 WL 7371821, at *1 (S.D. Fla. Oct. 30, 2019) (holding that a contract attached to the motion to dismiss may be considered where it "provides necessary context for Plaintiff's claims and Defendant does not dispute that the contract is authentic"); *Solomon v. Navient Sols*., LLC, 8:18-CV-2635-T-30JSS, 2019 WL 13246588, at *2 (M.D. Fla. Mar. 14, 2019) (*citing Fin. Sec. Assur.,*

*Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (explaining that courts can look outside the complaint for a motion to dismiss when "a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss.")).[2]

The rules of completeness and consideration of fairness forbid Plaintiff from providing the Court only *some* context of the phone calls (those convenient for him) but not all. Accordingly, this Court may take judicial notice of and consider the complete phone call history attached hereto as **Exhibit B** and described herein. The complete phone call history demonstrates that (1) Lennar *did* have prior express written consent for both phone calls to Plaintiff's number; and (2) Plaintiff's facts are entirely incongruous with the class of persons he purports to represents.

On March 20, 2023, Tuso, or someone acting on his behalf, used a third-party website, Zillow.com ("Zillow") to request that Lennar contact Tuso to schedule a tour of Residence 1438 Plan, Belle Maison At Campus Oaks, Roseville, CA 95747. *See* **Exhibit "B,"** at 1, 3. The user selected an in-person tour on March 21 at 10:00AM and filled out the form which asked: "How should the builder contact you to confirm the tour?" *See id.* at 3. The user then input Richard Tuso's first and last name, phone number (x2288), and email address (x@gmail.com). *See id.* at 2.

---

[2] In similar cases involving marketing text messaging, courts across the country have taken judicial notice of the full history of text messages between the parties in cases where the plaintiff references or attaches portions of the text messages and relies upon them in support of his or her claim. *See Abe v. Hyundai Motor Am., Inc.* 2019 WL 6647938, at *2 (C.D. Cal. Aug. 27, 2019) (granting defendant's "request for judicial notice of the full text message exchange with plaintiff" because the "FAC necessarily relie[d] upon its contents in support of its TCPA claim") (*citing Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)); *Miller v. Easy Day Studios Pty Ltd.*, 2021 WL 4209205, at *2 (S.D. Cal. Sept. 16, 2021) (granting defendant's request for judicial notice of the complete "text message exchange" where plaintiff "reference[d] this exchange in his Complaint").

Lennar received Tuso's request to be contacted to confirm his tour. *See id.* at 1. On April 25, 2023, Tuso or someone acting on his behalf went through the same exercise once again and requested a tour of a different Lennar property: Residence 2423 Plan, Heritage Placer Vineyards, Active Adult: Lazio, Active Ad, Roseville, CA 95747, on April 26, 2023, at 1:00PM. *See id.* at 1, 3. Lennar again received Tuso's request to be contacted to confirm his tour, as demonstrated below.

> Customer Comments
> I am interested in Residence 1438 Plan, Belle Maison At Campus Oaks, Roseville, CA 95747. I would like to schedule a tour for Tuesday, March 21 2023 at 10:00 AM You can reach me at: ▇▇▇▇2288 I found this property on Zillow
> I am interested in Residence 2423 Plan, Heritage Placer Vineyards | Active Adult : Lazio | Active Ad, Roseville, CA 95747. I would like to schedule a tour for Wednesday, April 26 2023 at 1:00 PM You can reach me at: ▇▇▇▇-2288 I found this property on Zillow

*See id.* at 3. After receiving the first inquiry from Tuso, Lennar's agent contacted Tuso regarding the Belle Maison At Campus Oaks property on March 20, 2023. *See id.* at 1; Compl. ¶ 22. On April 25, 2023, after receiving the second inquiry from Tuso, Lennar's agent contacted Tuso regarding the Heritage Placer Vineyards property. *See id.* at 1; Compl. ¶ 22. Tuso now alleges that Lennar violated the TCPA by these two contacts.

Plaintiff alleges that each and every person in the United States who received a phone call from Lennar Corporation, within any 12-month period, who is in the DNC registry is a putative class member. Compl. ¶ 29. Problematically, the class definition makes no distinction between recipients who *consented* to receive phone calls (such as Plaintiff himself) and putative recipients who have allegedly not consented.

### **MOTION TO DISMISS STANDARD**

Lennar moves to dismiss the Complaint pursuant to Rules 12(b)(4) and 12(b)(6). Rule 12(b)(4) provides that a party may move to dismiss a complaint for insufficient process. The court may dismiss a complaint against an improperly named defendant. *See Paylan v. Teitelbaum*, 798

Fed. Appx. 458, 464 (11th Cir. 2020) ("[T]he district court correctly dismissed the Florida Recovery Center as an improperly named defendant."); *Carney v. Wise Foods, Inc.*, 05-80196-CIV, 2005 WL 8156032, at *6 (S.D. Fla. July 20, 2005) (dismissing improperly named defendant).

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Applying these settled legal standards, the Court should dismiss Plaintiff's Complaint.

## ARGUMENTS & AUTHORITIES

### I. PLAINTIFF NAMED THE WRONG DEFENDANT

Lennar Corporation is not the correct defendant in this matter; it did not contact Plaintiff as alleged, that call was instead made by Lennar Homes of California, LLC. Compl. ¶22.; *see* Ex. A at 1.  A summons must "name the court and the parties; be directed to the defendant; . . . state the time within which the defendant must appear and defend; [and] notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint." Fed. R. Civ. P. 4(a). Although this rule specifically permits dismissal of the complaint because of insufficient process, dismissal rests in the Court's discretion. *Brown v. Hillsborough Area Regional Transit*, No. 8:08-CV-1465-T-33TBM, 2010 WL 455310, at *2 (M.D. Fla. Feb. 3, 2010) (citing *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007)). "Improperly named defendants may be dismissed from a case if a plaintiff does not properly amend his complaint to either change to properly name his intended defendant or to add a defendant." *Fedod Bijou, v. Southern Mgmt. Corp. &/or Tri-Management Corp. & Affiliates*,

209CV295FTM36SPC, 2010 WL 11507472, at *2 (M.D. Fla. July 8, 2010) (citing *Johnson v. Dollar General Corp.*, Case No. 2:06-CV-173, 2008 U.S. Dist. LEXIS 53459, at *9 (E.D. Tenn. July 14, 2008) (noting that the misidentification of the defendant "was not merely an identification problem but a question of who was the proper defendant")).

Lennar advised Plaintiff that it named the wrong defendant (and provided supporting evidence in advance of the discovery process), but Plaintiff has refused to correct this error. This prejudices Lennar because the correct defendant is Lennar Homes of California, LLC. This is prejudicial because that entity only does business in California and therefore venue in Florida is improper.[3] Because Plaintiff is aware that Lennar is an improperly named defendant and yet has refused to correct this issue, this Court should dismiss the Complaint.

## II.    THE COMPLAINT FAILS TO PLEAD A CAUSE OF ACTION BECAUSE THE CALL WAS NOT A TELEPHONE SOLICITATION UNDER THE TCPA

The two calls at issue in the Complaint are not "solicitations" as defined by the TCPA for two independent reasons. First, there is no liability under 47 C.F.R. § 64.1200(c)(2) if the person or entity making the telephone solicitations "has obtained the subscriber's prior express invitation or permission. Such permission must be evidence by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed." 47 C.F.R. § 64.1200(c)(ii). Here, the record demonstrates that Lennar had prior express written consent to contact Plaintiff. *See* Ex. B at 3. Lennar had prior express written consent in the form of Plaintiff's first name, last name, phone number, and email address in response to an inquiry as to two separate Lennar properties. *See id.* at 2. Where, as here, Plaintiff has given his invitation to be called, his TCPA claim fails as

---

[3] Lennar Homes of California, LLC reserves all rights to move to transfer venue once the correct entity is named.

a matter of law. *See e.g Murphy v. DCI Biologicals Orlando*, LLC, No. 6:12-CV-1459-ORL, 2013 WL 6865772, at *9 (M.D. Fla. Dec. 31, 2013), aff'd, 797 F.3d 1302 (11th Cir. 2015) (dismissing solicitation claim finding that the plaintiff provided his number to defendant); *Daniel v. Five Stars Loyalty, Inc.*, No. 15-cv-03456, 2015 WL 7454260, at *1 (N.D. Cal. Nov. 24, 2015) (same); *Aderhold v. Car2go N.A., LLC*, No. C13-489RAJ, 2014 WL 794802, at *3 (W.D. Wash. Feb. 27, 2014), *aff'd*, No. 2-13-cv-00489, 2016 WL 4709873 (9th Cir. Sept. 9, 2016) (finding consent to a text or call serves as "an escape route for a caller who might otherwise face TCPA liability."); *see also Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1123 (11th Cir. 2014) (holding that consent to contact plaintiff obtained through plaintiff's wife was valid consent).

Second, TCPA regulations exempt from the definition of "solicitation" any calls made to persons "with whom the caller has an established business relationship." 47 C.F.R. § 64.1200(f)(15)(ii). An "established business relationship . . . means a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber." 47 C.F.R. § 64.1200(f)(5). Because Plaintiff submitted an inquiry requesting that Lennar contact him to tour the Lennar properties on two separate occasions, which prompted the two separate calls to Plaintiff, an established business relationship existed between Plaintiff and Lennar. *See* Ex. B at 3. *See also Zononi v. CHW Group, Inc.*, 22-CV-14358, 2023 WL 2667941, at *3 (S.D. Fla. Mar. 7, 2023) (dismissing plaintiff's TCPA claim because plaintiff had an established business relationship with defendant and, thus, the texts failed to qualify as solicitations); *Sardinas v. Geithner*, No. 2:10–CVB–501JCM, 2010 WL 2696626, at *3 (D. Nev. July 6, 2010) ("Additionally, the FCC has explained that calls by entities with established business relationships with a consumer are exempt from the Telephone Consumer Protection Act."). Thus, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

8

### III. PLAINTIFF FAILS TO PLEADS FACTS SUPPORTING THE ESSENTIAL ELEMENTS OF HIS DNC CLAIM

As Plaintiff acknowledges in the Complaint, the TCPA's DNC Registry provision applies *only* to subscribers of *residential* numbers. Compl. ¶ 36 *citing* 47 C.F.R. § 64.1200(c). Consequently, courts have held that a failure to plead facts supporting this critical element is fatal. *See e.g. Hicks v. Alarm.com Inc.*, No. 1:20-CV-532, 2020 WL 9261758, at *5 (E.D. Va. Aug. 6, 2020) (dismissing where plaintiff only alleged his phone was "not associated with a business and is for personal use" but not if it was used for "residential" purposes); *Cunningham v. Rapid Capital Funding*, LLC/RCF, 2017 WL 3574451, at *3 (M.D. Tenn. July 27, 2017), *report and rec. adopted*, 2017 WL 3776165 (Aug. 31, 2017) ("As Plaintiff has not alleged facts showing his cell phones are used for residential purposes, he fails to state a claim[.]"); *Kemen v. Cincinnati Bell Tel. Co.* LLC, No. 1:22-CV-152, 2023 WL 361136, at *5–6 (S.D. Ohio Jan. 23, 2023) (dismissing TCPA DNC claim where the complaint offers no other facts suggesting plaintiff's number is a residential cell phone number).

Here, Plaintiff does not allege that his phone is used exclusively (if at all) for "residential" purposes. Instead, he insufficiently concludes that the subject number and phone is for "personal use." Comp. ¶ 20. Therefore, this Court should dismiss Plaintiff's DNC claim on this basis alone under Rule 12(b)(6).

### IV. PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE STRICKEN

A motion to strike class action allegations may properly be filed before the plaintiff has filed a motion for class certification. *See Griffin v. Singletary*, 17 F.3d 356, 361 (11th Cir. 1994) (affirming order granting motion to strike class allegations). "Rule 23 provides that the Court must—at an early practicable time—determine whether to certify the action as a class action. The Eleventh Circuit has indicated that '[i]n some instances, the propriety *vel non* of class certification

can be gleaned from the face of the pleadings.'" *Gibson v. Lynn Univ., Inc.*, 20-CIV-81173-RAR, 2021 WL 1109126, at *3 (S.D. Fla. Mar. 23, 2021) (quoting *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) (citing Fed. R. Civ. P. 23(c)(1)(A))); *see also Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1279 (11th Cir. 2009) ("Rule 23 demands an early consideration of class certification."). This is one such instance.

### A. Plaintiff Class Allegations Should Be Stricken As Inconsistent With The Class Definition

Plaintiff purports to bring his TCPA claim as a "Class of similarly situated individuals[.]" Compl. ¶ 20. But Plaintiff is not "similarly situated" to his proposed class. Plaintiff lacks standing because the class allegations are internally inconsistent and thus do not satisfy the requirements for maintaining a class action. *See Griffin v. Dugger*, 823 F.22d 1476, 1482 (11th Cir. 1987) ("[A]ny analysis of class certification must begin with the issue of standing."). "Where the propriety of a class action procedure is plain from the initial pleadings, a district court may rule on this issue prior to the filing of a motion for class certification." *MRI Associates of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*, 755 F. Supp. 2d 1205, 1207 (M.D. Fla. 2010) (citing *Stan Smith v. Network Solutions, Inc. and VeriSign, Inc.*, 135 F. Supp. 2d 1159 (N.D. Ala. 2001)).

Plaintiff claims to represent the following proposed class:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Lennar called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number has been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.

Compl. ¶ 29.

But Plaintiff's purported class does not align with *his* claim. Indeed, a class that is consistent with Plaintiff's claim would be comprised of only those individuals that received a phone call from Lennar after Lennar received an express request for someone to tour the property.

10

For that reason, Plaintiff's class allegations should be stricken. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1279 (11th Cir. 2009) (vacating order granting certification and remanding with instruction for plaintiff's claims to proceed individually because court concluded "that the complaint, as pled cannot sustain class action certification as a matter of law"). In other words, Plaintiff's unique factual circumstances make class certification impossible. *See Romano v. Motorola, Inc.*, No. 07–CIV–60517, 2007 WL 4199781, at *2 (S.D. Fla. Nov. 26, 2007) (concluding that court's dismissal of class allegation prior to discovery acknowledges impossibility of class certification based on pleadings). Thus, the Court should strike Plaintiff's class allegations because they are internally inconsistent with Plaintiff's individual allegations.

### B. <u>Plaintiff's Claims Are Not Typical of The Claims Of The Putative Class</u>

While the deficiencies in Plaintiff's TCPA claim should result in dismissal, at the very least they highlight why Plaintiff is not typical of the class and therefore cannot satisfy Rule 23(a)(3). Typicality "focuses on the class representative's individual characteristics in comparison to those of the proposed class." *In re Checking Account Overdraft Litigation*, 307 F.R.D. 656, 669 (S.D. Fla. 2015). The test for determining typicality centers on "whether other members have the same or similar injury, ***whether the action is based on conduct which is not unique to the named class plaintiffs***, and whether other class members have been injured ***by the same course of conduct***." *Id.* (Emphasis added). "Typicality is not present if the class representatives are subject to unique defenses that could be central to the litigation." *Hively v. Northlake Foods, Inc.*, 191 F.R.D. 661, 668 (M.D. Fla. 2000); *see also Stein v. Monterey Financial Services, Inc.*, No. 2:13-cv-01336, 2017 WL 412874, at *4 (N.D. Ala. Jan. 31, 2017) (plaintiff could not satisfy typicality requirement in TCPA class); *Beck v. Maximus, Inc.*, 457 F.3d 291 (3d Cir. 2006) (class representative should not be permitted to disadvantage class when representative must devote time and effort to individual defenses at expense of issues common to class). The concern is that unique defenses

11

will pose a distraction and otherwise preoccupy the named plaintiff to the detriment of the interest of absent class members. *O'Neill v. The Home Depot U.S.A., Inc.*, 243 F.R.D. 469, 478–79 (S.D. Fla. 2006), *cause dismissed sub nom*. *O'Neill v. The Home Depot USA, Inc.*, 05-61931CIV, 2007 WL 1718931 (S.D. Fla. Jan. 29, 2007) ("Defendant will also be litigating unique defenses which emphasize the differences among the class members and portend that individual issues are likely to predominate."); *Dyer v. Publix Super Markets, Inc.*, 97-2706-CIV-T25E, 2000 WL 33339613, at *11 (M.D. Fla. Mar. 22, 2000) (holding typicality requirement not met where varying facts and circumstances of "proposed class representatives' experiences would require evidence specific to the individual plaintiffs and would raise similarly individualized defenses not typical of class"). Here, Plaintiff's purported class does not align with the specific facts that comprise *his* claim, rendering his complaint not maintainable as a class action on its face as a matter of law. *Oginski v. Paragon Properties of Costa Rica, LLC*, Nos. 10–21720–CIV, 11–60647–CIV, 2011 WL 3489541, *3 (S.D. Fla. Aug. 9, 2011) (dismissal at the pleading stage is "appropriate . . . where a defendant demonstrates 'from the face of the complaint that it will be impossible to certify the classes alleged by the plaintiff regardless of the facts the plaintiff may be able to prove"). Plaintiff has an issue that is unique to him in this case: his mobile number and name *did* provide prior express written consent to receive a phone call. This fact alone renders him wholly incapable of representing a typical class under the TCPA. *See Vega v. T-Mobile USA, Inc*., 564 F.3d 1256, 1279 (11th Cir. 2009) (vacating order granting certification and remanding with instruction for plaintiff's claims to proceed individually because court concluded "that the complaint, as pled cannot sustain class action certification as a matter of law"). *See Romano v. Motorola, Inc*., No. 07–CIV–60517, 2007 WL 4199781, at *2 (S.D. Fla. Nov. 26, 2007) (concluding that court's dismissal of class allegation prior to discovery acknowledges impossibility of class certification based on pleadings). The complete record demonstrates that Plaintiff, or someone using Plaintiff's

12

name, cell phone number, and email address, entered Plaintiff's information and submitted an inquiry to view two Lennar properties. *See* Ex. B, at 2-3. This defense makes Plaintiff atypical of any hypothetical putative class members and is not consistent with the class definition.

      **C.**     **Individual Questions Predominate Commonality**

Plaintiff bears the burden of establishing the Rule 23(b)(3) requirement that class-wide issues predominate. *See, e.g., Miller v. Wells Fargo Bank, N.A*., No. 1:16-CV-21145-UU, 2017 WL 698520, at *8 (S.D. Fla. Feb. 22, 2017). Where, as here, it is obvious from the face of the Complaint that Plaintiff cannot meet the elements necessary to certify a class, and the proposed nationwide class cannot be certified, the class allegations may be dismissed or stricken. *See Vandenbrink v. State Farm Mut. Auto. Ins. Co*., 2012 WL 3156596, at *3 (M.D. Fla. Aug. 3, 2012) (holding that where "the [im]propriety of a class action procedure is plain from the initial pleadings, a district court may rule on this issue prior to the filing of a motion for class certification") (citations omitted); *Lawson v. Life of the South Ins. Co*., 286 F.R.D. 689, 701 (M.D. Ga. 2012) (striking class allegations where pleadings did not indicate, and discovery would not prove, that a class action could be certified).

According to the plain language of the TCPA and a cursory review of the complete call history, the conduct alleged in the Complaint would violate the TCPA only if the call was "made without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). Here, while Plaintiff's proposed class does not expressly include the word "consent," it is broadly defined to include every person in the United States "who Lennar called more than one time." Compl. ¶ 29. However, as noted above, the TCPA's DNC provision only prohibits "telephone solicitations" and, in that regard, a call does not qualify as a "telephone solicitation" where (among other things) the plaintiff gave his "prior express invitation or permission"–i.e., his consent–to receive the call. 47 U.S.C. § 227(c)(5); 47 C.F.R. §§ 64.1200(c)(2) & (f)(15). Thus, the legal and factual issues of

13

consent are inextricably intertwined with Plaintiff's proposed class definition. Potential home purchasers provide their cellular telephone number to a Lennar representative in a variety of ways, and in advance of any alleged offending telephone call, an analysis regarding whether the member of Plaintiff's proposed class provided the requisite consent would require an individual analysis of the facts, circumstances and documents underlying each putative member's contact and relationship with Lennar. Furthermore, this analysis would be highly individualized because not all purchasers provide consent in the same way or in the same manner, including if they have an ongoing business relationship with Lennar as their agent or previously viewed homes and verbally requested to be called.

Thus, courts routinely deny class certification in TCPA cases on predominance grounds where individualized determinations of "consent" would be needed. *See, e.g., New Concept Dental v. Dental Res. Sys., Inc.,* 2020 WL 3303064, at *9-10 (S.D. Fla. Mar. 3, 2020); *Newhart v. Quicken Loans Inc.*, 9:15-CV-81250, 2016 WL 7118998, at *2 (S.D. Fla. Oct. 12, 2016) (holding that predominance was lacking where "resolving the consent issue will depend upon multiple layers of individualized evidence about each call and the circumstances that preceded it."); *Balthazor v. Cent. Credit Servs., Inc.*, 2012 WL 6725872, at *4 (S.D. Fla. Dec. 27, 2012); *Tillman v. Ally Fin. Inc.*, 2017 WL 7194275, at *7 (M.D. Fla. Sept. 29, 2017). Courts also often strike class allegations at the pleadings stage and/or grant pre-discovery motions to deny certification, in TCPA cases and in others, where individualized determinations of "consent" are needed. *See, e.g., Pepka v. Kohl's Dep't Stores, Inc.*, CV164293MWFFFMX, 2016 WL 8919460, at *4 (C.D. Cal. Dec. 21, 2016); *Lindsay Transmission, LLC v. Office Depot, Inc.*, 4:12-CV-221 CEJ, 2013 WL 275568, at *5 (E.D. Mo. Jan. 24, 2013); ; *Eldridge v. Cabela's Inc.*, 2017 WL 4364205, at *7-11 (W.D. Ky. Sept. 29, 2017); *Cholly v. Uptain Grp., Inc.*, 2017 WL 449176, at *4 (N.D. Ill. Feb. 1, 2017); *Dorfman v. Albertson's LLC*, 2020 WL 86192, at *5 (D. Idaho Jan. 7, 2020); *see also Baisden v. Credit*

*Adjusts., Inc.*, 813 F.3d 338, 343 (6th Cir. 2016) ("[t]he context of the consent provided is critical" in a TCPA case) (emphasis added) [4]. This Court should rule similarly on individualized consent in this case.

Moreover, the same would be true as to whether the class members have a "residential number"—as the uses of a phone number can vary substantially by individual. Therefore, whether calls in this case were made without the consent of Plaintiff and/or the putative class members, were made to a "residential number," and/or constituted a "telephone solicitation" are not common questions of law or fact that can be resolved by generalized proof across the entire class in a single adjudication. Rather, they necessitate individualized factual and legal inquiry.

> D. **Plaintiff's Class Definition is Fatally Overbroad.**

Plaintiff's class definition is fatally overbroad. First, the definition includes "all persons in the United States" and fails to exclude persons that: (1) consented to be called; or (2) have "an established business relationship" with Lennar. Compl. ¶ 29. As discovery cannot possibly change this result—the class allegations should be stricken. *Mohamed v. Am. Motor Co., LLC*, 320 F.R.D. 301, 310 (S.D. Fla. 2017) ("Before a court grants a party's request to proceed as a class, a plaintiff must also establish that the proposed class is 'adequately defined and clearly ascertainable.'"); *Eden Day Spa, Inc. v. Loskove*, No. 14-81340-CIV, 2015 WL 1649967, at *2 (S.D. Fla. Apr. 14, 2015) (citing *In re Rules and Regs. Implementing the Tel. Consumer Protection Act of 1991 and the Junk Fax Prevention Act of 2005*, 21 F.C.C.R. 3787, 3810-26 (Apr. 6, 2006)) (holding that Plaintiff's

---

[4] Though outside the TCPA context, various courts within the Eleventh Circuit have granted similar motions to strike untenable class allegations. *See Chilton Water Auth. v. Shell Oil Co.*, CIV.A. 98-T-1452-N, 1999 WL 1628000 (M.D. Ala. May 21, 1999) (granting motion to strike class allegations where it was clear that class would be unmanageable); *Kubany by Kubany v. Sch. Bd. of Pinellas Cnty.*, 149 F.R.D. 664, 666 (M.D. Fla. 1993) (striking class allegations because plaintiff failed to satisfy the requirements of Rule 23(b)(3) where the injunctive relief sought by plaintiff could have been "fairly and efficiently adjudicated without certification as a class action.").

class definition improperly includes a great number of putative members who only received purely informational texts about services they affirmatively requested). The Court cannot possibly identify class members with justiciable TCPA claims absent an individualized review of each member's consent to receive calls, as well as his/her relationship with Lennar. Accordingly, the class definition must be stricken.

Second, the class is so overbroad as to sweep within it all persons who were called by Lennar "for substantially the same reason [Lennar] called Plaintiff." Compl. ¶ 29. This is deficient because it includes calls irrespective of whether the phone communication was a solicitation. To satisfy Rule 23, a plaintiff must properly define a proposed class. "Although federal courts 'do not require that each member of a class submit evidence of personal standing,' a class cannot be certified if it contains members who lack standing." *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1034 (8th Cir. 2010) (quoting *Denney v. Deutsche Bank AG,* 443 F.3d 253, 263–64 (2d Cir. 2006)). Under an ascertainability analysis, courts examine whether a class definition is overbroad and includes persons who were not injured or who can show no damages. *See Shiflett v. Viagogo Entm't Inc.*, 8:20-CV-1880-T-30AAS, 2021 WL 4948144, at *6 (M.D. Fla. July 16, 2021) ("[A] class should not be certified if it is apparent that it contains *a great many* persons who have suffered no injury at the hands of the defendant." (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1276 (11th Cir. 2019))). Here, Plaintiff's proposed class is fatally overbroad because it includes putative class members who only received non-solicitation phone calls, and as such have not suffered any compensable injury under the FTSA.

V. **PLAINTIFF'S IMMATERIAL JOB POSTING REFERENCE SHOULD BE STRICKEN**

Paragraph 17 of the Complaint is impertinent, immaterial, and scandalous and is only meant to prejudice Lennar. A court should strike impertinent, immaterial allegations from the complaint

when the allegations lack any relevance to the claims. *Sec. & Exch. Comm'n v. Walker*, 20-62564-CIV, 2021 WL 5088854, at *2 (S.D. Fla. Aug. 16, 2021) (striking several affirmative defenses that were insufficiently pled or did not raise facts or legal issues relevant to the complaint's allegations); *Munro v. Fairchild Tropical Botanic Garden, Inc.*, Case No. 20-cv-20079-SINGHAL, 2020 WL 7865415 at *2–*6 (S.D. Fla. Nov. 4, 2020) (same).

In Paragraph 17, Plaintiff includes reference to a job posting for a completely unrelated job for a completely different company than Lennar in an attempt to discredit Defendant. Notably, Plaintiff is aware that this paragraph is unrelated to his claim and states "[j]ob postings for different Lennar positions list cold calling as a required job qualification." Plaintiff then includes the qualifications for a job posting for a mortgage loan origination associate. However, Plaintiff does not allege that a mortgage loan origination associate called Plaintiff. Moreover, the reference is intended to align Lennar with the "[a]bility to cold call and generate new business." Cold calling is neither a violation of the TCPA nor any other law. Plaintiff's reference to the job posting should be stricken from the Complaint because it is impertinent, immaterial, and scandalous and is only meant to prejudice Lennar.

## **CONCLUSION**

WHEREFORE, for all the foregoing reasons, Defendant Lennar Corporation respectfully requests that this Court enter an order dismissing Plaintiff's Class Action Complaint, or in the alternative, striking the class allegations and paragraph 17 of the Complaint, and providing any other such relief the Court deems just and proper.

Respectfully submitted,

DATE:  August 28, 2023

/s/     *Traci H. Rollins*
TRACI H. ROLLINS, ESQ.
Florida Bar No. 769071
GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive
Suite 500 East
West Palm Beach, FL  33401
Telephone: (561) 650-0510
Facsimile: (561) 655-5677
trollins@gunster.com

ALEXIS BUESE, ESQ.
Florida Bar No. 1028599
MELANIE B. SENOSIAIN, ESQ.
Florida Bar No. 118904
GUNSTER, YOAKLEY & STEWART, P.A.
401 E. Jackson Street, Suite 1500
Tampa, Florida 33602
Telephone: (813) 228-9080
Facsimile:  (813) 228-6739
Email: abuese@gunster.com
Email: msenosiain@gunster.com

*Counsel for Defendant, Lennar Corporation*

ACTIVE:19489989.7