UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:23-cv-22264-RKA

RICHARD TUSO, individually and on behalf of
all others similarly situated,

    Plaintiff,

v.

LENNAR CORPORATION a Delaware
registered corporation,

    Defendant.
_____/

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND STRIKE**

Defendant, LENNAR CORPORATION, ("Defendant") hereby files its reply in support of its Renewed Motion to Dismiss ("MTD") the Complaint ("Compl."), to strike the class allegations, and to strike paragraph 17 of the Complaint, and in support thereof states as follows:

**Summary of the Reply**

In his motion to re-open this case, Plaintiff admits that Defendant is not the correct defendant in this matter, precisely because the phone calls were not made by Defendant, they were made by Lennar Sales Corp. ("Lennar Sales"). This fact was confirmed in Defendant's October 10, 2023 deposition. Faced with this reality, Plaintiff's Opposition to the MTD ("Opp.") abandons any claim of vicarious liability, in direct contrast to the position he took that allowed the Court to grant his motion to re-open this case. Rather, he now argues that "Defendant is a proper party because Plaintiff sufficiently pleads Defendant's direct liability for the TCPA violative calls he received." Opp. at 2. To be sure, in direct contrast to his previous position, Plaintiff now concedes that he is not pursuing a *vicarious* liability theory; he is pursuing a *direct* liability theory. Accordingly, because the Complaint is devoid of any allegation of direct liability, i.e., any allegation of how Defendant initiated the phone calls, the Complaint fails to state a claim against

Defendant. Even if Plaintiff was relying on vicarious liability, the Complaint contains not a single allegation as to any agency relationship between Defendant and Lennar Sales. In fact, the Complaint makes no reference at all to Lennar Sales. Plaintiff was given the chance to cure this fatal pleading deficiency but for whatever reason, he chose not to do so. As such, his complaint should be dismissed with prejudice.

In the same vein, Plaintiff's class allegations should be stricken. The class definition is impermissibly overbroad, and Plaintiff's unique circumstances make class certification impossible. His arguments in opposition do not overcome his inadequate pleading. And Plaintiff's allegation in paragraph 17 concerning a job posting from a different company should also be stricken; the allegation is irrelevant to his claims and is in no way helpful to any element of class certification. Rather, it is designed to create unfair prejudice and should be dismissed.

## ARGUMENT

### I. PLAINTIFF PLEADS NO ALLEGATIONS IN SUPPORT OF VICARIOUS LIABILITY

To successfully state a TCPA claim, Plaintiff must allege direct liability as an 'initiator' of the calls, or he must allege vicarious liability through an agency relationship. *See Hossfeld v. American Financial Security Life Insurance Company*, 544 F.Supp.3d 1323, 1331-32 (S.D. Fla. 2021) (explaining that a plaintiff may sufficiently state a claim for direct liability under the TCPA only where the defendant 'initiates' the telemarketing calls, or may state a claim for vicarious liability under federal common law agency principles, including actual agency, apparent authority, and ratification, for a TCPA violation by a third-party telemarketer). Plaintiff fails to do either. He fails to allege any facts in support of vicarious liability. He further fails to allege, because he cannot, Defendant's direct liability as an initiator of the phone calls.

**A. Plaintiff Moved to Re-Open this Case on a Vicarious Liability Theory, but Abandons any Such Claim in His Opposition Brief**

In his motion to re-open the case, Plaintiff admitted that Defendant did not place the phone calls at issue. *See* ECF No. 28 ¶¶ 4-5. As an initial matter, this Court should, respectfully, apply the judicial admission doctrine to the admission made in Plaintiff's motion to re-open the case.[1] There, Plaintiff admitted that the calls at issue were not made by Defendant. Plaintiff further admitted that "Lennar Corporation is ***prospectively*** liable for its affiliate's TCPA violative calls to Plaintiff, making it a proper defendant." *Id.* (Emphasis added).[2] Accordingly, upon receipt of his motion, and in reliance on Plaintiff's position that it was pleading a theory of vicarious liability against Defendant for the acts of its "affiliate" (Lennar Sales Corp.), the Court granted Plaintiff's motion to re-open on October 24, 2023. *See* ECF No. 30.

Stunningly, Plaintiff's Opposition abandons the very position that allowed him to re-open this case. In other words, Plaintiff's Opposition asserts that he is now pursuing a direct liability theory. *See* Opp. at 1 ("Plaintiff Tuso sufficiently alleges that Defendant is a proper party by alleging that Defendant is directly liable for the [TCPA] violative calls he received); Opp. at 3 ("Plaintiff is not required to plead Defendant's vicarious liability because he sufficiently pleads Defendant's direct liability"); Opp. at 4 ("because Plaintiff sufficiently pleads Defendant's direct liability for the calls at issue, the Court should deny Defendant's motion to dismiss").

---

[1] The Eleventh Circuit generally applies the judicial admission doctrine to the parties' representations of fact in court filings. *See e.g., Metlife Life & Annuity Co. of Conn. v. Akpele*, 886 F.3d 998, 1004-05 (11th Cir. 2018) (deeming a statement in an affidavit in response to a motion for summary judgment a judicial admission). A representation of fact or a concession in motion papers and briefs may be judicially admitted as the opposing party is "entitled to rely on" the representations "and to believe, given that concession, that no further evidence on the issue [is] needed." *See also Blanco v. Samuel*, 2022 WL 5241893 at *3-4 (S.D. Fla. Oct. 6, 2022) ("Throughout Blanco's briefing, including her statement of material facts, she has repeatedly asserted that she slept during her shifts […] she offered no valid reason why [she] should be allowed to backtrack on this factual concession now.").

[2] "Prospectively" appears to be a stand-in for "vicariously." The case Plaintiff cited in his motion to re-open, *John v. Keller Williams Realty, Inc.*, is a vicarious liability case. *See* 2020 WL 1050263 (M.D. Fla. Feb. 4, 2020).

Even if Plaintiff did not abandon his vicarious liability theory (which he does), the Complaint is still devoid of any facts in support of vicarious liability. In order to properly plead TCPA vicarious liability, Plaintiff must plausibly allege facts showing how Defendant exercised substantial control over the third-party agents' actions, ratified the agents' conduct, or represented that the agents acted with authority from Defendant. *See Cabrera v. Gov't Emps. Ins. Co.*, 452 F. Supp. 3d 1305, 1316 (S.D. Fla. 2014); *Snyder v. iCard Gift Card, LLC*, 2017 WL 10379592 at *3 (S.D. Fla. May 11, 2017). Plaintiff does none of this. Lennar Sales, and not Defendant, placed the phone calls at issue in this case. *See* ECF No. 28 ¶¶ 4-5. The Complaint lacks any allegations as to how Lennar Sales acted as an "agent" of Defendant. Indeed, the Complaint does not make *any* reference to Lennar Sales. *See generally* ECF No. 1. A complete lack of factual allegations supporting an agency relationship is fatal to any TCPA vicarious liability claim. *See Snyder*, 2017 WL 10379592 at *2 ("To allege the requisite agency relationship to support its TCPA vicarious liability claim against [the defendant], Plaintiff must allege facts to show that [the defendant] 'exercised substantial control over' [the third party's] actions, or "ratification of the agent's conduct, or representations that the agent acts with authority.").

Plaintiff cites *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1259-1260 (11th Cir. 2015) for the holding that TCPA vicarious liability need not be "specifically" alleged. Opp. at 3. First, as the Court in *Gayle v. Bill Holt Automotive* noted, the *Saris* decision is inapplicable outside of the fax context. *See Gayle*, 2023 WL 6192733 at *9 (N.D. Ga. July 10, 2023) (explaining that the *Sarris* decision made clear that "the FCC's *In re Dish Network* decision did not apply in the fax context but did apply in the telephone context."). Moreover, the *Sarris* Court's distillation of the vicarious liability pleading standard did not concern the plaintiff's TCPA claim, it concerned the plaintiff's conversion claim. *See Sarris*, 781 F.3d at 1250 n. 4 ("[W]e need not address the District Court's vicarious liability analysis of the TCPA

4

claim.") and at 1260 ("The District Court's dismissal of Palm Beach Golf's *conversion* claim on the basis that it failed to satisfy Florida's heightened pleading standard was error.") (Emphasis added). The foregoing notwithstanding, the decision is nevertheless mostly irrelevant here. Plaintiff has 1) abandoned his claim for vicarious liability and 2) literally does not plead any facts in support of vicarious liability. As the *Sarris* Court helpfully explained, even where a heightened pleading standard is not applicable, a federal court must still follow Fed. R. Civ. P. 8(a) "pursuant to the pleading standard set forth in *Twombly* and *Iqbal*." *Id.* at 1261. There is not a single allegation in the Complaint that references Lennar Sales, much less any allegation that plausibly supports Defendant's vicarious liability for the actions of Lennar Sales.

**B. Plaintiff Fails to Plead Defendant's Direct Liability as an 'Initiator'**

As Plaintiff has failed to adequately allege vicarious liability, he must rely on a direct liability theory to properly plead a TCPA violation against Defendant. He fails to do so.

"Direct liability under the TCPA ... applies only to entities that 'initiate' the telemarketing calls." *Hossfeld v. American Financial Security Life Insurance Company*, 544 F.Supp.3d 1323 (S.D. Fla. June 16, 2021). A person or entity "initiates" a telephone call when "it takes the steps necessary to physically place a telephone call." *Id.* (citing *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6583 ¶26 (2013)); *see also Gayle v. Bill Holt Automotive*, 2023 WL 6192733 (N.D. Ga. July 10, 2023).

As a preliminary matter, courts have found "no direct liability when the seller itself did not place the offending phone call." *Rogers v. Interstate National Dealer Services Inc.*, 2020 WL 4582689 at *3 (N.D. Oh. Aug 10, 2020); *Lucas v. Telemarketer Calling from (407) 476-5680*, 2019 WL 3021233, *5 (6th Cir. 2019) (finding district court properly dismissed any claims that defendant could be directly liable under the TCPA when defendant was not the entity that placed the call); *Gayle v. Bill Holt Automotive*, 2023 WL 6192733 at *9 (N.D. Ga. July 10, 2023) ("the

facts he pleads do not plausibly support the contention that Defendant MMNA itself was involved in sending the texts in any way."). Because Defendant "did not place the offensive phone call[s]," this Court should find that that Plaintiff has not adequately pled direct liability.

Even if the Court gives Plaintiff the benefit of the doubt, the Complaint is bare as to how Defendant initiated the phone calls. *See Cunningham v. Lifestyles Development, LLC*, 2019 WL 4282039 (E.D. Tex. Aug. 8, 2019) ("Because Plaintiff does not allege that RCI actually initiated a phone call in violation of the TCPA - indeed, he claims that the agent he spoke with represented that he was calling on behalf of Embassy Suites - he has not shown that RCI is directly liable for any of the offending phone calls."); *Banks v. Pro Custom Solar*, 2018 WL 3637960 (E.D.N.Y. July 31, 2018) (finding that Mr. Bank "fail[ed] to allege that Defendant initiated the Calls, which is required to successfully plead direct liability"); *Sheski v. Shopify (USA) Inc.*, 2020 WL 2474421 at *2-3 (N.D. Cal. May 13, 2020) (granting named defendant's motion to dismiss for lack of direct liability where the plaintiff failed to allege how the named defendant Shopify, a platform provider for third-party retailers, was directly involved with the retail sender's operations in mass text messaging potential customers); *A.W. v. Red Roof Inns, Inc.*, 2022 WL 17741050 (S.D. Oh. Dec. 16, 2022) (denying motion to dismiss based on improper party argument where complaint *did* allege some manner in which the franchisor corporation defendant exercised some degree of control over its franchisees).

Plaintiff argues that because he alleges that the calls came from "Danielle from Lennar," he has adequately pled that Defendant is a proper party to this action. Opp. at 2. However, it is clear that "Danielle from Lennar" is Danielle Barnes, an employee of Lennar Sales who placed the calls at issue. *See* MTD at 4-5; ECF No. 35-1 at 1-2. Importantly, where the complaint "makes it clear" that a third party is "who placed the call to plaintiff's cell phone," the named defendant seller cannot be directly liable. *Rogers v. Interstate National Dealer Services Inc.*, 2020 WL 4582689 at

6

*3 (N.D. Oh. Aug 10, 2020). The Complaint fails to allege direct liability against Defendant for the actions of Lennar Sales and should be dismissed with prejudice.[3]

Plaintiff cites *Sobek Therapeutics, LLC v. SVADS Holdings SA*, 303 F.R.D. 409, 412 (M.D. Fla. 2014) for the proposition that Defendant is a proper party because Plaintiff sufficiently pleads Defendant's direct liability. Opp. at 2. Yet *Sobek* proves Defendant's point. In *Sobek*, the plaintiff sued the defendant for a declaratory judgment that it was not infringing on the defendant's trademark. *Sobek*, 303 F.R.D. at 412. The defendant moved to dismiss on the basis that it was not the proper party to the action because it did not have any ownership interest in the trademark, that the trademark was owned by a different entity. *Id.* Crucially, the plaintiff's complaint alleged facts showing that the named defendant ***did*** have an ownership stake in the trademark. *Id.* (Emphasis in original). The *Sobek* complaint plausibly alleged how the named defendant itself could be liable under trademark law. Conversely, here, there are simply no allegations *whatsoever* explaining why Defendant, and not Lennar Sales, is the proper party. *See Dobbel v. Liberty Insurance Corporation*, 2019 WL 93433 at *3 (E.D. Cal. Jan. 3, 2019) (appropriate to dismiss an improperly named parent company at the pleading stage because "parent companies generally are not liable for their subsidiaries' actions" and if the plaintiff alleges an actionable link between the two, it "must be supported by pleaded facts, not conjecture"). Plaintiff's claims should be dismissed.

---

[3] Dismissal with prejudice is appropriate because once Plaintiff discovered that Defendant did not make the phone calls at issue, he had the opportunity to amend to name Lennar Sales, yet chose not to. *Cf. THI Medical, S.A.C. v. Filmore Management Trading, LLC*, 2021 WL 5310687 (S.D. Fla. Oct. 20, 2021) (granting motion to dismiss with leave to amend after analyzing whether plaintiff had fair opportunity to perform investigatory search for correct name of the proper defendant, and determining that the because the plaintiff did not perform the correct type public records search that would have revealed the correct entity name at the time it filed the complaint, the plaintiff would be given the opportunity to do so).

## II. THE COURT SHOULD STRIKE PLAINTIFF'S CLASS ALLEGATIONS

Plaintiff claims that "Defendant does not identify an actual basis to conclude that Plaintiff will be unable to establish commonality or predominance or that his proposed class is incurably overbroad" or that he is not "atypical." Opp. at 11. Plaintiff is incorrect.

Plaintiff's class definition is fatally overbroad and should be dismissed at the pleading stage. The definition includes "all persons in the United States" and fails to exclude persons that: (1) consented to be called; or (2) have "an established business relationship" with Lennar Sales. Compl. ¶ 29. As discovery cannot possibly change this result, the class allegations should be stricken. Plaintiff argues that the definition is not overbroad because he will, at some point later in the case, "be able to demonstrate a means of ultimately excluding consumers" that are not part of the class. Opp. at 12. But Plaintiff's argument misses the mark. Whether Plaintiff can conjure up a method of exclusion does not cure the ultimate deficiencies with the definition itself. "The definition is not only unworkable in terms of identifying class members, it impermissibly includes members who have no cause of action as a matter of law." *Nguyen v. Raymond James & Associates, Inc.*, 2022 WL 4553068 (M.D. Fla. Aug 12, 2022) (quoting *Walewski v. Zenimax Media, Inc.*, 502 F. App'x 857, 859 (11th Cir. 2012)); *see also Taylor v. Wells Fargo Bank, N.A.*, 2017 WL 7371182 (M.D. Fla. Aug. 8, 2017) (dismissing class allegations at pleading stage in putative RICO class action where proposed class definition was unclear and overbroad).

Further, Plaintiff has an issue that is unique to him in this case: his mobile number and name *did* provide prior express written consent to receive a phone call. This fact alone renders him wholly incapable of representing a typical class under the TCPA. *See Saunders v. BellSouth Adver. & Pub.,* 1998 WL 1051961, at *1 n.1 (S.D. Fla. Nov. 10, 1998) (motion to dismiss class-action allegations procedurally proper under Rule 23(c)(1)'s directive to rule as soon as practicable).

### III.  PARAGRAPH 17 SHOULD BE STRICKEN

Plaintiff argues that paragraph 17 of the Complaint, which references a job posting for a completely unrelated job for a company other than Defendant should not be stricken because the allegation "could be helpful to establish the various Rule 23 requirements necessary to certify a class." Opp. at 13. Plaintiff is wrong and paragraph 17 should be stricken.

Paragraph 17 includes a reference to a job posting for a completely unrelated job for an entity other than Defendant. That a company other than Defendant has an available position for a certain type of job (cold calling) is irrelevant and prejudicial to the actual allegations pertaining to Plaintiff's causes of actions i.e., TCPA violations against Defendant. Indeed, 'implication by association' pleading has been found to be irrelevant and prejudicial, and should be stricken from the Complaint. *See Lisicki v. Lee Memorial Health System*, 2019 WL 58871776 at *1 (M.D. Fla. Nov. 12, 2019) (age discrimination case, striking portions of complaint that referenced a prior age discrimination lawsuit against the defendant, past mistreatment of older workers, defendant's revenues, its president and CEO, and its board of directors); *A.D. v. Cavalier Mergersub* LP, 2022 WL 4357989 at *2 (M.D. Fla. Sep. 20, 2022) (sex trafficking case alleging negligence against hotels, striking general allegations regarding sex trafficking in general and its relationship with the hospitality industry as 'puffing' "that could serve to prejudice Defendants and confuse the facts at issue").

Plaintiff cites *Marquette v. HomeAdvisor, Inc.*, 2021 WL 2942742 at *2 (M.D. Fla. Jan. 15, 2021). But the allegations that the *Marquette* court refused to strike were those allegations related to consumer complaints <u>about the misconduct alleged</u>, i.e., TCPA violations for cold calling. *Id.* Indeed, the court made sure to note that consumer complaints "if true, could show that other people have had similar experiences with [the defendant] and whether the defendant "**had knowledge of the illegal calls**." *Id.* at 2. (Emphasis added). However, here, the prejudicial

9

allegation does not concern customer complaints. It has nothing to do with any class certification factor or element of a cause of action. It is an inflammatory allegation dedicated solely to showing that a different entity hires people to cold call. Paragraph 17 should be stricken from the Complaint.

WHEREFORE, Defendant, LENNAR CORPORATION, respectfully requests that the Court grant its motion to dismiss the Complaint and strike the class allegations and paragraph 17.

DATE:  December 18, 2023

/s/ *Traci H. Rollins*
TRACI H. ROLLINS, ESQ.
Florida Bar No. 769071
STEPHEN C. RICHMAN, ESQ.
Florida Bar No. 1015692
BENJAMIN FINKELSTEIN
Florida Bar No. 1049040
GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive
Suite 500 East
West Palm Beach, FL  33401
Telephone: (561) 650-0510
trollins@gunster.com
srichman@gunster.com
bfinkelstein@gunster.com

*Counsel for Defendant, Lennar Corporation*