UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-22264-ALTMAN/Reid

**RICHARD TUSO**,

    *Plaintiff*,

v.

**LENNAR CORPORATION**,

    *Defendant*.

_____/

## ORDER GRANTING MOTION TO DISMISS

The Defendant, Lennar Corporation, has moved to dismiss the Plaintiff's Complaint. *See* Motion to Dismiss [ECF No. 35]. For the reasons we outline below, we now **GRANT** that motion.[1]

### THE FACTS[2]

On June 20, 2023, our Plaintiff, Richard Tuso, sued the Defendant, Lennar Corporation ("Lennar"), asserting violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *See generally* Complaint [ECF No. 1]. Mr. Tuso is a resident of Roseville, California, while Lennar—"a homebuilder that sells homes throughout the U.S."—is a Delaware corporation with its headquarters in Miami, Florida. *See id.* ¶¶ 1–2, 13. According to Mr. Tuso, his cell phone number has been registered on the national Do Not Call ("DNC") Registry since July 2, 2003. *Id.* ¶ 19. He adds that he "uses his cell phone number for personal use only as one would use a landline telephone number in a home." *Id.* ¶ 20.

---

[1] The Motion to Dismiss is ripe for resolution. *See* Plaintiff's Response to Defendant's Motion to Dismiss (the "Response") [ECF No. 41]; Defendant's Reply in Support of its Motion to Dismiss (the "Reply") [ECF No. 44].

[2] We take the following facts from the Plaintiff's Complaint and accept them as true for purposes of this Order.

On March 20, 2023, Mr. Tuso received "an unsolicited call to his cell phone number from a Lennar employee soliciting the sale of a Lennar property from the phone number 916-245-7423." *Id.* ¶ 22. He alleges that "the employee identified herself as Danielle from Lennar," and that he "told Danielle that he was not looking to purchase a property." *Ibid.* About a month later, on April 25, 2023, Mr. Tuso "received a [second] unsolicited call to his cell phone"—again from the number 916-245-7423. *Id.* ¶ 24. "As with the previous call, this call was from Danielle who was calling to sell a Lennar property to Plaintiff Tuso." *Ibid.* The Plaintiff says that he "has never done business with Lennar or consented to be contacted by" Lennar, nor was he "looking to buy or view any properties" at all. *Id.* ¶¶ 25–26. In his words: "The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant Lennar have harmed Plaintiff Tuso in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone." *Id.* ¶ 27.

Mr. Tuso brings this lawsuit under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) "on behalf of himself and [a] Class of similarly situated individuals." *Id.* ¶¶ 28–29. He seeks certification of the following class (which he refers to as the "Do Not Call Registry Class"):

> All persons in the United States who from four years prior to the filing of this action through class certification (1) Lennar called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.

*Id.* ¶ 29. "In response to" the two allegedly unsolicited calls he received from "Lennar," Mr. Tuso requests injunctive relief preventing "the Defendant from violating the [TCPA] by making telemarketing calls to consumers without consent including calls to phone numbers that are registered on the [n]ational [DNC] registry . . . and to consumers who have expressly requested that the calls stop." *Id.* at 1, ¶ 18. He also wants "an award of statutory damages to the members of the Class and costs." *Id.* ¶ 18.

2

## THE LAW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. On a motion to dismiss, "the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).

## ANALYSIS

Lennar Corporation moves to dismiss the Complaint for three reasons: *First* (and most importantly), Lennar Corporation insists that it "is *not* the correct defendant in this matter; it did not contact Plaintiff as alleged, that call was instead made by Lennar Sales." Motion to Dismiss at 6. Specifically, Lennar contends that Mr. Tuso's Complaint "contains no allegations to support a vicarious liability theory against Defendant for the actions of Lennar Sales," *id.* at 7, and that it doesn't adequately plead the "Defendant's direct liability as an initiator of the phone calls," Reply at 2. *Second*, the Defendant argues that "the Complaint fails to plead a cause of action because the call was not a telephone solicitation under the TCPA." Motion to Dismiss at 8. *Third*, Lennar says that the "Plaintiff

3

fails to plead facts supporting the essential elements of his DNC claim," since "the TCPA's DNC List provision applies only to subscribers of *residential* numbers," and Mr. Tuso "does not allege that his phone is used exclusively (if at all) for 'residential' purposes." *Id.* at 10. Lennar Corporation also moves to strike the Plaintiff's class allegations on various grounds. *See id.* at 11–18. Because we agree with the Defendant that Mr. Tuso has failed to state a claim against Lennar Corporation under a theory of *either* direct *or* vicarious liability, we dismiss the Complaint without prejudice.

To state a claim for relief under the TCPA, a plaintiff may proceed *either* on a theory of direct liability, which "applies only to entities that 'initiate' the telemarketing calls," *Hossfeld v. Am. Fin. Sec. Life Ins. Co.*, 544 F. Supp. 3d 1323, 1331 (S.D. Fla. 2021) (Gayles, J.), *or* on a theory of vicarious liability, which, "in the TCPA context[,] is governed by the federal common law of agency," *John v. Keller Williams Realty, Inc.*, 2020 WL 10502631, at *2 (M.D. Fla. Feb. 4, 2020) (Byron, J.). Vicarious liability can be established using bedrock principles of agency law: actual agency, apparent authority, or ratification. *See Hossfeld*, 544 F. Supp. 3d at 1332.

In this case, Lennar Corporation says that the Plaintiff hasn't properly pled either form of liability because, in its view, the "Plaintiff named the wrong Defendant," and the "Defendant [has] continue[d] to advise Plaintiff that it named the wrong defendant [throughout] the discovery process." Motion to Dismiss at 6–7. The Defendant adds that Lennar *Sales* "is the entity which makes calls in California and which employed the individual referenced in the Complaint ('Danielle from Lennar,' Compl. ¶¶ 22, 24) who called Plaintiff and about which Plaintiff complains." *Id.* at 3. The Defendant has also attached a "complete phone call history" as Exhibit A to its Motion to Dismiss, *see* Call Log [ECF No. 35-1], which (in its summation) "demonstrates that (1) Lennar Sales *did* have prior express written consent for both phone calls to Plaintiff's number; (2) Danielle Barnes was assigned as the Internal Sales Coordinator ('ISC') for Plaintiff's lead and made both calls to Plaintiff in response to Plaintiff's inquiries; and (3) Plaintiff's facts are entirely incongruous with the class of persons he

4

purports to represents," Motion to Dismiss at 4. The Plaintiff, Mr. Tuso, doesn't challenge the authenticity of the call log, nor (as relevant here) does he dispute the Defendant's claim that "Danielle from Lennar" was employed by Lennar Sales, *rather than* by Lennar Corporation.[3] *See generally* Response. Still, he insists that dismissal isn't warranted here because his Complaint "sufficiently pleads Defendant's direct liability for the TCPA violative calls he received." Response at 2. We disagree.

Mr. Tuso hasn't adequately alleged that Lennar Corporation is *directly* liable under the TCPA because he's failed to contest—and has thus conceded—that "Danielle from Lennar" was an employee of Lennar Sales, a different entity than Lennar Corporation. True, Mr. Tuso says in his Response that he's "sufficiently allege[d] [that] Defendant is a proper[ ] Party." Response at 2. But this conclusory statement doesn't tell us anything about whether "Danielle from Lennar" is or isn't Danielle Barnes, the person the Defendant has identified as an employee of Lennar Sales. Because the Plaintiff hasn't contested the Defendant's position that the Danielle who made the two relevant calls was employed by a different entity, he's forfeited (for now) any argument that she worked for our Defendant. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) ("[F]ailure to raise an issue in an initial brief . . . should be treated as a forfeiture of the issue[.]"); *Sappupo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue waives it."); *In re*

---

[3] "[A] district court may 'consider an extrinsic document' at the motion-to-dismiss stage 'if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged.'" *Mad Room, LLC v. City of Miami*, 2023 WL 8598151, at *6 (S.D. Fla. Dec. 12, 2023) (Altman, J.) (quoting *SFM Holdings, Ltd. V. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010)). Since the Plaintiff doesn't dispute the Call Log's authenticity—and because the identity of "Danielle from Lennar" is obviously central to the Plaintiff's claims—we'll consider the log without treating the Motion to Dismiss as a motion for summary judgment. *See Boyd v. Deadwood Tobacco Co.*, 2024 WL 940822, at *3 n.3 (S.D. Fla. Mar. 5, 2024) (Altman, J.) (same).

*Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived.").

And, having conceded that "Danielle from Lennar" is *not* employed by the Defendant, he cannot plausibly suggest that he's stated a viable claim for the Defendant's direct liability under the TCPA. *See Hossfeld*, 544 F. Supp. 3d at 1331 ("Plaintiff has not sufficiently stated a claim for direct liability against Hill because direct liability under the TCPA applies only to entities that 'initiate' the telemarketing calls . . . . A person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call . . . . This generally does not include persons or entities, such as third-party retailers, that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." (cleaned up)); *see also Gayle v. Bill Holt Auto., Inc.*, 2023 WL 6192733, at *9 (N.D. Ga. July 10, 2023) (finding that the plaintiff failed to show that "[d]efendant MMNA could be held directly liable pursuant to the TCPA" because "the facts he pleads do not plausibly support the contention that [d]efendant MMNA itself was involved in sending the texts in any way"). In sum, Mr. Tuso's failure to contest the proposition that "'Danielle from Lennar' is Danielle Barnes, an employee of Lennar Sales who placed the calls at issue," Reply at 6, belies his claim that Lennar Corporation is "direct[ly] liab[le] for the TCPA violative calls he received," Response at 2.

Nor does the Complaint state a claim for vicarious liability under the TCPA. As we've said, "a party can be vicariously liable for TCPA violations under federal common law principles of agency . . . . including not only formal agency, but also principles of apparent authority and ratification[.]" *Cabrera v. Gov't Emps. Ins. Co.*, 452 F. Supp. 3d 1305, 1316 (S.D. Fla. 2014) (Williams, J.) (cleaned up). "For purposes of a motion to dismiss, the [c]ourt must determine whether there is 'a factual basis that gives rise to an inference of an agency relationship through the use of generalized as opposed to evidentiary facts.'" *Hossfeld*, 544 F. Supp. 3d at 1332 (quoting *Snyder v. iCard Gift Card, LLC*, 2017 WL 10379592, at *3 (S.D. Fla. May 11, 2017) (Dimitrouleas, J.)).

Tuso's Complaint lacks any allegation that would allow us to infer an agency relationship between our Defendant, Lennar Corporation, and any other entity (Lennar Sales, for instance). *See, e.g.*, Complaint ¶ 22 ("On March 20, 2023 at 12:52 PM, Plaintiff Tuso received an unsolicited call to his cell phone number from a Lennar employee soliciting the sale of a Lennar property from the phone number 916-245-7423. The employee identified herself as Danielle from Lennar . . . . Plaintiff received a [second] unsolicited call to his cell phone on April 25, 2023 at 3:16 PM from 916-245-7423. As with the previous call, this call was from Danielle who was calling to sell a Lennar property to Plaintiff Tuso."). Since this is the *only* factual allegation that supports Tuso's liability claim, we think the Complaint plainly fails to "allege the requisite agency relationship to support [a] TCPA vicarious liability claim" against Lennar Corporation. *See Synder*, 2017 WL 10379592, at *2. Specifically, the Complaint hasn't alleged that Lennar Corporation "exercised substantial control over" an agent's actions, that it ratified an agent's conduct, or that it represented that an agent acted with its authority. *Ibid.* And Tuso concedes as much in his Response. *See* Response at 3 n.1] ("[I]f the Court were to find that Plaintiff is required to plead vicarious liability, Plaintiff could, and would request leave to do so."). Tuso has therefore failed to state a claim for vicarious liability under the TCPA.

Because Tuso has failed to allege that the Defendant is liable—either directly or vicariously—his claims must be dismissed. Still, we're not prepared to say that Tuso's claims are meritless—or that any amended complaint would be futile. So, we'll give him leave to amend his Complaint to add factual allegations supporting a vicarious-liability theory of liability. Alternatively, if the Plaintiff still wants to proceed on a theory of direct liability, he must explain how the Defendant *itself* "initiated" the phone calls at issue here. The Defendant's other arguments for dismissal are preserved and may be re-raised in a future answer or motion to dismiss.

*   *   *

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

7

1. The Defendant's Motion to Dismiss the Complaint [ECF No. 35] is **GRANTED without prejudice**.

2. If the Plaintiff wants to file an amended complaint, he must do so by April 4, 2024.

**DONE AND ORDERED** in the Southern District of Florida on March 22, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record